T.C. Summary Opinion 2004-18

UNITED STATES TAX COURT

DARREN CARTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2103-03S.           Filed February 25, 2004.

Darren Carter, pro se.

Diana P. Hinton and Robert A. Baxer, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,182 in petitioner's

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

2000 Federal income tax.  After a concession by petitioner,[2] the issue is whether petitioner is entitled to an earned income credit (EIC).  Petitioner resided in Brooklyn, New York, at the time the petition was filed.

The relevant facts may be summarized as follows.  During the year at issue petitioner resided with his girlfriend and her son in Gastonia, North Carolina.  The child was not petitioner's biological child, was not adopted by petitioner, and was not placed with petitioner by an authorized placement agency.  In preparing his 2000 Federal income tax return, petitioner claimed an EIC of $353 with the child as a qualifying child.[3]

Section 32(a) provides for an EIC in the case of an eligible individual.  Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year".  A qualifying child is one who satisfies a relationship test, a residency test, and an age test.  See sec. 32(c)(3)(A).

For the year in issue, to satisfy the relationship test, a qualifying child must be "a son or daughter of the taxpayer, or a descendant of either," "a stepson or stepdaughter of the taxpayer, or" "an eligible foster child of the taxpayer."  Sec.

---

[2]    Petitioner conceded that he is liable for unreported income of $7,427.

[3]    Petitioner did not claim the child as a dependent for purposes of sec. 151.

32(c)(3)(B)(i). In pertinent part, section 32(c)(3)(B)(iii)(I) provides that an "eligible foster child" is an individual who "is placed with the taxpayer by an authorized placement agency". Additionally, married persons must file a joint return in order to claim an EIC. Sec. 32(d).

It is clear that the child was neither petitioner's son nor an eligible foster child.[4] As we understand petitioner's argument the child is petitioner's stepson because he had a "common-law marriage" with his girlfriend under North Carolina law. It appears that this "common-law marriage" was an illusory event, even to petitioner. At the time of the trial, he had not obtained a divorce, did not consider himself to be married to the woman, and did not consider the child to be his stepson. Moreover, even if we were to accept petitioner's argument, he did not file a joint return. Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[4] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying issue.